## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SUZANNE M. BLOUIN,

              Plaintiff,

v.                                                          Case No. 3:21-cv-58-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

              Defendant.

_____

## <u>OPINION AND ORDER</u>[1]

## I.  <u>Status</u>

Suzanne M. Blouin ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of arthritis, bunions, "Mobile SI," "Calcification in right artery," back and hip pain, balance problems, and anxiety. Transcript of Administrative Proceedings (Doc. No. 17; "Tr." or "administrative transcript"), filed July 26, 2021, at 157, 173, 362. Plaintiff protectively filed an application for DIB on June

---

[1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. <u>See</u> Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed July 26, 2021; Reference Order (Doc. No. 19), entered July 27, 2021.

30, 2017, alleging a disability onset date of April 26, 2017.[2] Tr. at 294-95. The application was denied initially, Tr. at 172, 173-82, 183-85, and upon reconsideration, Tr. at 155, 156-71, 190-95.

On September 5, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 68-122 (hearing transcript), 186-89 (appointment of representative documents). Plaintiff was sixty (60) years old at the time of the hearing. Tr. at 73-74. On November 21, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 49-62.

Thereafter, through different counsel, Plaintiff sought review of the Decision by the Appeals Council and submitted additional evidence in the form of medical records and a letter and brief authored by her counsel. See Tr. at 5-6 (Appeals Council exhibit list and order), 39-45 (documents reflecting withdrawal and appointment of new counsel), 288-90 (request for review), 382-85 (letter and brief), 8-14, 18-35, 123-54 (medical records and attached cover letters). On November 23, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of

---

[2]    Although actually filed on July 2 or 3, 2017, see Tr. at 291, 294, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as June 30, 2017, see, e.g., Tr. at 157, 173.

the Commissioner. On January 19, 2021, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues: 1) the Appeals Council erred in "fail[ing] to remand this matter for further review upon receipt of new and material evidence"; and 2) "[d]ue to the improper delegation of authority by the Commissioner, the decision in this case, by an ALJ and Appeals Council Judges who derived their authority from Mr. Saul, is constitutionally defective." Plaintiff's Brief (Doc. No. 24; "Pl.'s Br."), filed October 22, 2021, at 10, 17 (emphasis omitted). Defendant responded to Plaintiff's arguments on January 19, 2022 by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 29; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal

---

[3]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry through step four, where he ended the inquiry based on his findings at that step. See Tr. at 51-61. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since April 26, 2017, the alleged onset date." Tr. at 51 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the lumbar spine; hypothyroidism; bunions; generalized osteoarthritis; and headaches." Tr. at 52 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

[C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 54 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §] 404.1567(b) with additional limitations. Specifically, [Plaintiff] has the ability to lift, carry, push and pull 20 pounds occasionally, for up to one-third of the day, and 10 pounds frequently, for up to two-thirds of the day. [Plaintiff] can sit for four hours at a time and a total of eight hours during an eight-hour day, and stand and/or walk for two hours at a time and a total of six hours during an eight-hour day. [Plaintiff] can occasionally climb ladders, stairs and ramps, and frequently balance, stoop, kneel, crouch and crawl. [Plaintiff] has environmental limitations precluding concentrated exposure to vibrations and work hazards, including unprotected heights and dangerous machinery.

Tr. at 55 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is capable of performing past relevant work as a Medical Receptionist." Tr. at 60 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from April 26, 2017, through the date of th[e D]ecision." Tr. at 61 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by

'substantial evidence.'" <u>Doughty v. Apfel</u>, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing <u>Falge v. Apfel</u>, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>Biestek v. Berryhill</u>, 139 S.Ct. 1148, 1154 (2019); <u>Samuels v. Acting Comm'r of Soc. Sec.</u>, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

### A. Appeals Council's Denial of Review

Plaintiff challenges the Appeals Council's decision to deny review despite the new evidence presented to it. Pl.'s Br. at 10-16. According to Plaintiff, the

new evidence renders the Appeals Council's decision erroneous and carries a reasonable possibility of changing the administrative result. Id. The evidence at issue includes treatment notes from Coastal Physical Therapy and Coastal Spine and Pain Center dated in August and September 2018; treatment notes from Baptist Primary Care dated in July and August 2018; and treatment notes from Gary Gabor, M.D. dated in February and March 2020. See id.; Tr. at 2.[4] As to the evidence post-dating the ALJ's November 21, 2019 Decision, Plaintiff also contends, contrary to the Appeals Council's finding, Tr. at 2, that it is chronologically relevant, see Pl.'s Br. at 15-16.

Responding, Defendant argues the evidence submitted to the Appeals Council does not carry a reasonable possibility of changing the administrative result. Def.'s Mem. at 4-12. Further, as to the evidence post-dating the ALJ's Decision, Defendant contends it is not chronologically relevant to the period under consideration by the ALJ. Id. at 12-15.

With few exceptions, a claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. See 20 C.F.R. §§ 404.900(b), 416.1400(b). When the Appeals Council is presented with evidence that was not before the ALJ, the Appeals Council must consider the

---

[4]     The Appeals Council's Order denying review also reflects that Plaintiff submitted "treatment notes from Rujvi Kamat, M.D. dated June 17, 2020," Tr. at 2, but Plaintiff does not argue any particular points of error as to this evidence.

evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In addition, a claimant must show good cause for submitting new evidence to the Appeals Council. See 20 C.F.R. §§ 404.970(b), 416.1470(b).

Evidence may be chronologically relevant even if it post-dates the ALJ's decision. See Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1322 (11th Cir. 2015). In Washington, for instance, the United States Court of Appeals for the Eleventh Circuit held that an examining psychologist's opinions were chronologically relevant "even though [the psychologist] examined [the claimant approximately seven] months after the ALJ's decision." Id. This was because the psychologist reviewed the claimant's treatment records from the period before the ALJ's decision; because the claimant told the psychologist he had suffered from the conditions at issue "throughout his life" (which obviously would include the relevant time period); and because there was "no assertion or evidence" that the claimant's condition worsened "in the period following the ALJ's decision." Id.

In Stone v. Soc. Sec. Admin., 658 F. App'x 551, 553 (11th Cir. 2016), on the other hand, the Court found that newly submitted medical records were not chronologically relevant. In doing so, the Court observed that the circumstances were "significantly different" from those in Washington because the new records

in <u>Stone</u> "demonstrate[d] a worsening" of the relevant symptoms after the ALJ's decision. <u>Id.</u> at 554; <u>see also</u> <u>Horowitz v. Comm'r of Soc. Sec.</u>, 688 F. App'x 855, 860, 864 (11th Cir. 2017) (upholding Appeals Council's determination that a treating rheumatologist's opinions were not chronologically relevant when the opinions were rendered after the ALJ's decision and there was "nothing in [the doctor's] opinions showing that he based them on treatment provided to [the plaintiff] before the ALJ's decision").

Similarly, in <u>Hargress v. Soc. Sec. Admin., Comm'r</u>, 883 F.3d 1302, 1309-10 (11th Cir. 2018), the Court found that progress notes post-dating the ALJ's decision did "not relate to the period before the ALJ's . . . decision" and "nothing in these new medical records indicates the doctors considered [the claimant's] past medical records or that the information in them relates to the period at issue, which materially distinguishes this case from <u>Washington</u>." <u>Hargress</u>, 883 F.3d at 1309-10. Further, the Court found that a treating physician's opinion post-dating the ALJ's decision was not chronologically relevant because, even though the physician opined that the limitations dated back to 2013 (prior to the ALJ's decision), "nothing in the form [completed by the physician] or any other documents indicated that [the physician] evaluated [the claimant's] past medical records when forming that opinion," and the physician "did not treat [the claimant] in 2013." <u>Id.</u> at 1310.

At the end of the day, although the Appeals Council is "not required to

give a . . . detailed explanation or to address each piece of new evidence individually," Hargress, 883 F.3d at 1309 (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)), if the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate," Washington, 806 F.3d at 1320. "When a claimant properly submits new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Banks for Hunter v. Comm'r, Soc. Sec. Admin., 686 F. App'x 706, 709 (11th Cir. 2017) (citing Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007)).

The undersigned first addresses the chronological relevance of the evidence post-dating the ALJ's November 21, 2019 Decision. This evidence is treatment notes from Dr. Gabor dated February 21, 2020 and March 6, 2020, as well as radiographic results of Plaintiff's hands from a February 21, 2020 examination (signed February 24, 2020). Tr. at 19-35. As noted earlier, the Appeals Council did not exhibit this evidence because it did "not relate to the period at issue" and "does not affect the decision about whether [Plaintiff was] disabled beginning on or before November 21, 2019." Tr. at 2.

The Appeals Council did not err in making the finding that Dr. Gabor's treatment notes and corresponding radiographic results are not chronologically relevant. The first treatment note by Dr. Gabor is dated February 21, 2020— more than three months after the ALJ's Decision. Tr. at 25. In it, Dr. Gabor

- 10 -

notes Plaintiff "has had msk pain for 30 years but <u>increased recently</u>." Tr. at 25 (emphasis added). That same notation is made in the March 6, 2020 note. Tr. at 19. Additionally, it appears Dr. Gabor reviewed very limited medical records from during the relevant time period. <u>See</u> Tr. at 25 (noting last blood draw was June 1, 2019 and lab results are in chart but records from a 2005 hospitalization are not). Nothing in the notes indicates Dr. Gabor made findings that applied to November 2019 and earlier. In sum, Dr. Gabor did not treat Plaintiff during the relevant time period; he reviewed very limited records from that time period; and his own notes reflect a worsening of Plaintiff's condition as the reason for her referral to him. Dr. Gabor's records are not chronologically relevant. <u>See, e.g.</u>, <u>Stone</u>, 658 F. App'x at 554; <u>Hargress</u>, 883 F.3d at 1309-10.

Nor does the other evidence challenged by Plaintiff carry a reasonable possibility of changing the administrative result. The evidence consists of treatment notes from Coastal Physical Therapy; Coastal Spine and Pain Center; and Baptist Primary Care, all dated within the relevant time period. <u>See</u> Tr. at 123-31, 133-42, 149-54. These records were not submitted to the ALJ but were submitted to the Appeals Council when Plaintiff's current attorney took over the case and determined that the administrative transcript did not contain all of the available evidence. <u>See</u> Pl.'s Br. at 13.

As noted previously, the Appeals Council did not exhibit this evidence, finding that it did "not show a reasonable probability that it would change the

- 11 -

outcome of the decision." Tr. at 2. The evidence from Coastal Physical Therapy consists of the entirety of a Functional Capacity Evaluation Report ("FCE") dated September 18, 2018 that was performed by Preston E. Miller and signed by Kenneth Powell, D.O. as the "referring physician." Tr. at 123-31. All but three pages of this FCE were before the ALJ. <u>See</u> Tr. at 573-78. The ALJ recognized at the hearing that the FCE was incomplete, despite Plaintiff's counsel's understanding to the contrary, and the ALJ gave Plaintiff time after the hearing to submit a complete one. Tr. at 89-90. Plaintiff did not submit a complete version prior to the ALJ rendering the Decision.

The ALJ found that the assigned limitations in the portion of the FCE that was before him were "not supported by the record" and therefore were "unpersuasive." Tr. at 58. The ALJ observed that x-rays of Plaintiff's "hands were normal, with normal alignment of the bony structures, preserved joint spaces, unremarkable soft tissue, and no evidence of forcal cortical or travecular irregularity." Tr. at 58 (citation omitted). Additionally, the ALJ noted Mr. Miller's findings that "there was evidence of poor psychodynamics and a potential for unreliable pain reporting during testing," as well as "fear-avoidance beliefs that may prolong disability with physical activity." Tr. at 58.

Later in the Decision, the ALJ further found that Mr. Miller's conclusions were "not supported by [Plaintiff's] very conservative treatment"; the limitations were "not supported by the radiological evidence"; and they were

"not supported by multiple examinations documenting normal musculoskeletal and neurological findings." Tr. at 59. The ALJ observed that the FCE conclusions were "inconsistent with [examining physician William Choisser, M.D.'s] conclusion that [Plaintiff] retains normal grip strength." Tr. at 59; see Tr. at 471-75 (Dr. Choisser's opinion).

The submission of the three missing pages of the FCE and the additional notes from Coastal Spine and Baptist Primary Care do not carry a reasonable possibility of changing the administrative result. Plaintiff contends the ALJ was unaware that Dr. Powell signed the FCE as the referring physician. While this is true because that page of the FCE was missing when the ALJ reviewed it, knowing that would not alter the ALJ's stated reasons for discounting the findings therein. Nor would having the additional conclusions by Mr. Miller, given the ALJ's stated reasons for discounting the conclusions he was able to review. As well, the doctor notes to which Plaintiff refers do document pain, particularly in the right hand, but Dr. Powell ordered an MRI based on the pain and the MRI results are in the transcript. See Tr. at 610-11.

For all of the foregoing reasons, the evidence submitted to the Appeals Council is not chronologically relevant as to the evidence post-dating the ALJ's Decision, and does not carry a reasonable possibility of changing the administrative result as to the remaining evidence.

### B. Constitutional Claim- Appointment of Commissioner Saul

Plaintiff contends that the ALJ and the Appeals Council in this case "adjudicated [her] disability claim under the delegated authority of a Commissioner[, Andrew Saul,] who had no constitutionally valid legal authority to delegate." Pl.'s Br. at 17. According to Plaintiff, the Social Security Act provision that limits the President's authority to remove the Presidentially-appointed, Senate-confirmed Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3), violates the separation of powers. See Pl.'s Br. at 17. Plaintiff argues the adjudication of her claim under this circumstance amounted to a violation of her Constitutional rights, and she is entitled to a remedy in the form of remand for a hearing before a new ALJ or remand to the "Appeals Council to conduct a constitutionally valid adjudication process." Id. at 20.

Defendant agrees that "42 U.S.C. § 902(a)(3) violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause." Def.'s Mem. at 16 (citation omitted). Defendant argues, however, that "without more, that conclusion does not support setting aside an unfavorable SSA disability benefits determination." Id. Defendant offers two main reasons why: 1) "the ALJ who denied Plaintiff's claim was not appointed by a Commissioner subject to Section 902(a)(3)'s removal restriction" but rather by "an Acting Commissioner of Social Security—

whom the President could have removed from that role at will, at anytime"; and 2) Plaintiff cannot make the required showing that "Section 902(a)(3)'s removal restriction caused the denial of his benefits claim." Def.'s Mem. at 16-17 (emphasis in original).

Defendant's first argument relies on a fact that is not part of the record: that the ALJ who adjudicated Plaintiff's claim "held office under an appointment legally ratified in July 2018 by then-Acting Commissioner Berryhill." Def.'s Mem. at 18-19. There is no citation provided for that factual statement, and nothing provided by way of evidence to substantiate it. For this reason, the Court does not substantively consider it.

As to the second argument, the United States Supreme Court in <u>Selia Law</u> held that a for-cause removal provision regarding the Director of the Consumer Financial Protection Bureau violated separation of powers because the President has to be able to remove officers at will. <u>See Selia Law LLC v. Consumer Fin. Prot. Bureau</u>, 140 S. Ct. 2183, 2197 (2020). Later, in <u>Collins</u>, the Court extended <u>Selia Law</u> to similar for-cause removal restrictions as to the Director of the Federal Housing Finance Agency. <u>Collins v. Yellen</u>, 141 S. Ct. 1761, 1783 (2021).

The Court in <u>Collins</u> distinguished, however, "between cases involving unconstitutional <u>appointments</u> and cases involving properly appointed officers whose <u>removal protections</u> are unconstitutional." <u>Kain v. Comm'r of Soc. Sec.</u>,

No. 5:21 CV 879, 2022 WL 4285242, at *1 (N.D. Ohio Sept. 15, 2022) (unpublished) (emphasis in original) (citing <u>Collins</u>, 141 S. Ct. at 1788). "An unconstitutionally appointed officer lacks the authority to act, but a constitutionally appointed officer subject to for-cause removal protection still acts with proper authority." <u>Id.</u> (citing <u>Collins</u>, 141 S. Ct. at 1788 n.23). "When a properly appointed officer has for-cause removal protections, a party may still be entitled to retrospective relief, but the party must show that the removal provision inflicted harm." <u>Id.</u> (citing <u>Collins</u>, 141 S. Ct. at 1788).

In attempting to show the required harm, Plaintiff argues she suffered "specific injuries . . . as a result of the government's violation of her constitutional rights." Pl.'s Br. at 20. As for the injuries, Plaintiff contends she did not receive a constitutionally-valid hearing; she did not receive a constitutionally-valid decision; the Decision she did receive came from the constitutionally-illicit ALJ adjudication process; she did not receive a constitutionally-valid adjudication process by the Appeals Council; she did not receive a constitutionally-valid determination by the Appeals Council; and she received an unfavorable determination from the constitutionally illicit Appeals Council adjudication process. <u>Id.</u>

None of these alleged injuries are particularized enough under <u>Collins</u> and its progeny. These injuries could apply equally to all individuals whose claims were adjudicated beginning in the Saul era, and factually, they do not

implicate the removal provision. Plaintiff has failed to show a particularized injury caused by the removal provision, so she is not entitled to a new hearing.[5]

## V.   Conclusion

The Appeals Council did not reversibly err, and Plaintiff is not entitled to relief on her Constitutional claim. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 26, 2022.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

---

[5]      Given this conclusion, the Court need not address Defendant's expanded arguments involving the harmless error doctrine, the de facto officer doctrine, the rule of necessity, and broad prudential considerations. See Def.'s Mem. at 17, 24-30.